# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

CHARLES HYDE,   )
　　　　　　　　　　)
　　Plaintiff,　　 )
　　　　　　　　　　)
v.　　　　　　　　　) 　CV419-091
　　　　　　　　　　)
CAPT. BOWMAN, *et al.*,   )
　　　　　　　　　　)
　　Defendants.　　)

## ORDER AND REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff Charles Franklin Hyde brought this 42 U.S.C. § 1983 Complaint relating to the circumstances of his arrest. Doc. 1. The Court granted plaintiff leave to proceed *in forma pauperis*, doc. 3, and plaintiff returned the necessary forms, docs. 12 & 13. The Court screened his Complaint, found it deficient, and directed him to amend it, if possible. *See generally* doc. 15. He complied. Docs. 18 & 19. The Court, therefore, proceeds to screen his Amended Complaints pursuant to 28 U.S.C. § 1915A.[1]

---

[1] The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, sets forth procedures governing the filing of complaints in federal court by prisoners and other detainees. In cases seeking redress from a government entity or its officials, the PLRA requires a preliminary screening in order to "identify cognizable complaints" and to dismiss, prior to service, any complaint that is "frivolous, malicious,

## I. Plaintiff's "Motion for Cause of Action" (doc. 14)

In addition to the more formal pleadings in this case, plaintiff has also submitted document captioned "Motion for Cause of Action." Doc. 14. It appears that that document redundantly asserts claims arguably covered in his original Complaint. *See id.* It refers to various Georgia statutes concerning tort claims, *id.* at 1, references "assault with deadly weapons," and "due process claims," *id.* at 2, and requests "the status" of his § 1983 claim, *id.* at 3. To the extent that this document is an attempt to amend his original Complaint to add factual allegations or claims, it is superseded by the Amended Complaints, docs. 18 & 19. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading."). To the extent that

---

or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

The Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). In doing so, allegations in plaintiff's Complaint are taken as true and construed in the light most favorable to him. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations alone, however, are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

the motion seeks the "status" of this case, the previous Order, doc. 15, and this Order render that request moot. Accordingly, plaintiff's "Motion for Cause of Action," is **DENIED**. Doc. 14.

## II. Screening

Hyde's Complaint seeks damages for injuries he suffered when he was arrested. *See* doc. 15 at 2. Beyond the clear sense that the sequence of events giving rise to Hyde's claims began when he was arrested, the Court was unable to determine much. The Court's prior Order explained that the original Complaint was comprised of a "mishmash of details . . . along with . . . numerous conclusory allegations and almost no . . . cognizable facts," rendering it "virtually impossible to determine the proper [legal] vehicle for plaintiff's complaint." *Id*. Despite the confusion, the Court was able to discern the glimmer of a medical malpractice claim and a § 1983 claim alleging excessive force, but found neither adequately pleaded. *Id*. at 3-5. It granted him an opportunity to amend his Complaint to clarify his claims and supply allegations to support them. *Id*. at 5-6.

In response to the Court's Order, plaintiff has submitted two documents, both captioned simply "Complaint." *See* doc. 18 at 1, doc. 19 at 1. These documents are virtually identical, but for completeness the

Court cites to both below. In both documents, plaintiff makes clear that he intends to withdraw any allegations related to a medical malpractice claim. *See* doc. 18 at 4 ("Plaintiff releases Memorial Health Medical Center from libel [sic]/ suit from past complaint."); doc. 19 at 4 (same). Any claims against "Savannah Memorial Hospital" in the original Complaint, therefore, should be **DISMISSED**.

The amendments also indicate that no claim is asserted against the defendant previously identified as "Capt. Bowman." Plaintiff alleges that unidentified "jailers" would "show my hand to trainees and laugh saying this is the guy the Capt. shot.'" Doc. 18 at 4; doc. 19 at 4. He further alleges that "Capt. Bowman was in charge of jail then." Doc. 18 at 4; doc. 19 at 4. Based on those allegations, the Court concludes that plaintiff inferred, based on ambiguous statements made by unidentified jail employees, that "Capt. Bowman," was involved in allegedly subjecting him to excessive force during his arrest. That supposition is insufficient to state a claim upon which relief may be granted against "Capt. Bowman." *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, at 678 ("Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

4

enhancement.'" (citations and alterations omitted)). Accordingly, plaintiff's claims against "Capt. Bowman" should be **DISMISSED**.

The Amended Complaints continue to name "Southeastern District Drug Task Force," as a defendant. *See* doc. 18 at 1; doc. 19 at 1. Plaintiff explains that the Task Force "is legally responsible for overall violations." Doc. 18 at 1; doc. 19 at 1. Plaintiff is wrong. Police departments are generally not entities subject to suit. *See, e.g., Caldwell v. Wilcher*, 2020 WL 6142408, at * 1 (S.D. Ga. Aug. 27, 2020) (county sheriff's office was not an entity subject to suit); *see also, e.g., Lovelace v. DeKalb Cent. Prob.* 144 F. App'x 793, 795 (11th Cir. 2005) ("We have observed that sheriff's departments and police departments are not usually considered legal entities subject to suit." (internal quotations and citation omitted)); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (city police department was not a proper defendant). If police and sheriff's departments are not subject to suit, "task forces" organized under their auspices are even less subject to suit. Accordingly, plaintiff's claims against "Southeastern Drug Task Force" should be **DISMISSED**.

As the Court previously noted, the focus of the Complaint appeared to be an excessive force claim. That focus continues in the Amended

Complaints. This time, however, they are sufficient to allow the case to proceed. To allege excessive force by an officer in the course of executing an arrest, a plaintiff must assert that the officer's conduct was objectively "unreasonable." *Graham v. Connor*, 490 U.S. 386, 395-97 (1989). Such a test looks not to the motivation of the particular officer, but instead examines whether a reasonable officer would have taken the same action. *Id*. at 397. "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (quotes and cites omitted). The Court examines "the fact pattern from the perspective of a reasonable officer on the scene with knowledge of the attendant circumstances and facts, and balanc[ing] the risk of bodily harm to the suspect against the gravity of the threat the officer sought to eliminate." *McCullough v. Antolini*, 559 F.3d 1201, 1206 (11th Cir. 2009) (*citing Scott v. Harris*, 550 U.S. 372, 383 (2007)). "Although some amount of force is generally needed to subdue a suspect, the amount used must be reasonably proportionate to the need for force." *Smith v. LePage*, 834 F.3d 1285, 1294 (11th Cir. 2016); *see also*

6

*Scott*, 550 U.S. at 383 (observing that in determining whether the Fourth Amendment was violated, "we must still slosh our way through the factbound morass of 'reasonableness.'").

The amended allegations in plaintiff's Amended Complaints are sufficient, at the screening stage, to allege that he was subjected to excessive force by defendant Shawn Fields and other unidentified law enforcement officers. The Amended Complaints allege "[o]n May 3rd, 2018, 10:12 p[.]m[.], Southeastern Drug Task Force, led by Affiant Shawn Fields[, i]nvaded Plaintiff's [r]esidence at 207 ED Powers BLVD, Hinesville, GA, 31313." Doc. 18 at 2, doc. 19 at 2. He further alleges that he was "non-violent," but officers "thr[ew] grenades thru [sic] windows," and shot him. Doc. 18 at 2; doc. 19 at 2. The allegation that officers shot plaintiff, despite his "nonviolent" posture, is sufficient (if only just) to allege an unreasonable use of force. The claim against Shawn Fields, therefore, is approved for service.

Although the Court recommends dismissal of plaintiff's claims against the Task Force as an entity, the Amended Complaints make it clear that plaintiff actually asserts his excessive force claim against unknown Task Force officers. *See, e.g.,* doc. 18 at 1 ("The reasons Plaintiff

can't name the official who shot me (1) they were all masked, goggled[,] helmets, and full military gear, [and] (2) they don't introduce themselves and thru [sic] several requests inquiry – no answer/no cooperation."). Since, as discussed more fully below, Plaintiff's claim that he was subject to excessive force survives screening, the Court will construe his pleading to allege a claim against "Unknown Drug Task Force Officers." The Clerk is **DIRECTED** to update the docket and all future pleadings shall conform.

### III. Service

Since plaintiff has sufficiently alleged that he was subjected to excessive force by Shawn Fields and other unknown officers, his pleadings are due to be served on the defendants. Since plaintiff was authorized to proceed *in forma pauperis*, the Court must order that the United States Marshal, or his deputy, serve the defendants. *See* Fed. R. Civ. P. 4(c)(3). Before the Court can order the Marshal to serve, however, plaintiff must tell the Court, and by extension the Marshal, where to serve the defendants. To that end, the Court will implement the service procedure deployed in *Newton v. Food Lion, LLC*, CV415-153 doc. 10 (S.D. Ga. Dec 9, 2015) and *Simmons v. Five Star Quality Care, Inc.*, CV414-203, 2014

WL 6603759 at * 4 (S.D. Ga. Nov. 19, 2014), *adopted*, 2015 WL 307003 (S.D. Ga. Jan. 23, 2015).

That service process unfolds in stages. First, the Marshal needs to know where to serve the defendants (*i.e.*, Shawn Fields and officers assigned to the "Southeastern Drug Task Force"), and that information must come from the plaintiff. Hence, these preliminary steps are required: The Clerk is **DIRECTED** to send to plaintiff two blank USM 285 forms and two summons forms. Plaintiff is **DIRECTED** to *accurately* complete both forms[2] and return them to the Clerk no later than thirty days from the date they are mailed by the Clerk. The Clerk is **DIRECTED** to notify the undersigned if plaintiff fails to comply. Should plaintiff fail to comply, this action may be dismissed for failure to obey a Court order. S.D. Ga. L. Civ. R. 41.1.

Should that phase of the Rule 4 service cycle be completed, the Clerk is **DIRECTED** to prepare a service waiver package for each defendant.

---

[2] Both forms require the plaintiff to list the defendant's name and proper address. These forms may be addressed "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(d))(1)(A)(ii). Plaintiff may identify the unknown officers as such, but must provide an address where the Task Force officers might be served.

Rule 4(d)(1).  That package must include, for each defendant: a Rule 4 Notice of Lawsuit and Request to Waive Service of Summons[3] (prepared by the Clerk); two copies of the Waiver of the Service of Summons form (prepared by the Clerk); an envelope addressed to the Clerk of Court with adequate first class postage for use by the defendant for return of the waiver form; copies of the Complaint, doc. 1, and both Amended Complaints, docs. 18 & 19; and one (1) copy of this Order and Report and Recommendation.  The Clerk is **DIRECTED** to retain and docket the original USM 285 forms and the summons returned by the plaintiff.  *See Dunn v. Fed. Express*, 2014 WL 1028949 at * 3 (N.D. Ga. Mar. 14, 2104).

Next, the Clerk is **DIRECTED** to mail the service waiver package to the defendants.  Each defendant is under a duty to avoid unnecessary costs for personally serving the summons.  If any defendant fails to comply with the mailed request for waiver of service, he or she must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.  Should any defendant fail to waive service within sixty (60) days following the date the service waiver package was mailed

---

[3] The Clerk also shall complete the lower portion of the AO 398 Notice of Lawsuit and Request for Waiver form by printing plaintiff's name and also his address data.

(the Clerk shall docket that act), the Clerk is **DIRECTED** to prepare and transmit to the Marshal a service package. The service package must include the USM 285 form, the summons, and copies of the Complaint, doc. 1, and both Amended Complaints, docs. 18 & 19, plus a copy of this Order and Report and Recommendation. The Marshal is then **DIRECTED** promptly serve the defendant. The executed waiver form or the completed USM 285 form shall be filed with the Clerk. *See Dunn*, 2014 WL 1028949 at * 2-3.

Once defendants are served, plaintiff will then be responsible to serve defendant (through counsel, if any defendant is represented) with a copy of every future pleading or other document which he files with the Court. *See* Fed. R. Civ. P. 5. He also must include with each paper so filed a certificate stating the date on which he mailed an accurate copy of that paper to the defendant or its counsel. This Court will disregard any papers submitted which have not been properly filed with the Clerk or which do not include a certificate of service.

Finally, Hyde also must keep the Court and any defendant advised of his current address at all times during the pendency of this action. Failure to do so may result in dismissal of her Complaint. He also must

litigate this case, conduct and respond to any discovery, and comply with both the Federal Rules of Civil Procedure and this Court's Local Rules, which are available online: http://www.gasd.uscourts.gov/lr/lr1.htm.

## IV. Conclusion

In summary, plaintiff's claims against Savannah Memorial Hospital, "Capt. Bowman," and the Southeastern District Drug Task Force should be **DISMISSED**. His claim, pursuant to 42 U.S.C. § 1983, that he was subjected to excessive force by defendant Shawn Fields and other unknown officers is approved for service. Plaintiff is **DIRECTED** to comply with the instructions above regarding service of his complaints upon those defendants. **Plaintiff is reminded that failure to fully comply with those instructions may result in a recommendation that his claims be dismissed.** His "Motion for Cause of Action" is **DENIED** as moot. Doc. 14.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Therefore, **within 14 days from the date of this order**, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned

"Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>8th</u> day of February, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA