# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

CHARLES FRANKLIN HYDE,    )
                               )
       Plaintiff,          )
                               )
v.                        )         CV419-091
                               )
CAPT. BOWMAN, *et al.*,    )
                               )
       Defendants.    )

## ORDER AND REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff Charles Franklin Hyde brought this 42 U.S.C. § 1983 action alleging he was subjected to excessive force during the course of an arrest. *See* doc. 1 (Complaint). The Court screened his Complaint and required him to amend it. Doc. 15. He complied, submitting two virtually identical amended complaints. *See* docs. 18 & 19. The Court screened those submissions and recommended that several of the claims be dismissed, but approved his excessive force claim for service. Doc. 21. Despite approving the excessive force claim for service, the Court required further information from plaintiff to direct service on otherwise unidentified defendants. *See id*. at 9. Hyde provided some additional information, but it was not sufficient to effect service.

Moreover, Hyde objected to the recommendation of dismissal of his claim against Bowman, and provided sufficient information to warrant service. Accordingly, the Court VACATES its prior Report and Recommendation. Doc. 21.

## I.   "Motion for Cause of Action" (doc. 14)

The prior Order and Report and Recommendation's analysis of Hyde's "Motion for Cause of Action," doc. 14, remains valid.  Since the Court vacates that Order and Report and Recommendation, that analysis is restated here for completeness.  As the prior Order and Report and Recommendation explained:

> It appears that that document redundantly asserts claims arguably covered in his original Complaint. *See id*.  It refers to various Georgia statutes concerning tort claims, *id*. at 1, references "assault with deadly weapons," and "due process claims," *id*. at 2, and requests "the status" of his § 1983 claim, *id*. at 3.  To the extent that this document is an attempt to amend his original Complaint to add factual allegations or claims, it is superseded by the Amended Complaints, docs. 18 & 19.  *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading.").  To the extent that the motion seeks the "status" of this case, the previous Order, doc. 15, and this Order render that request moot.  Accordingly, plaintiff's "Motion for Cause of Action," is **DENIED**.  Doc. 14.

Doc. 21 at 2–3.

## II.    Savannah Memorial Hospital

As explained in the prior Order and Report and Recommendation, both of Hyde's Amended Complaints "make[ ] clear that he intends to withdraw any allegations related to a medical malpractice claim," against "Savannah Memorial Hospital." *See* doc. 21 at 4.  His Objection to the R&R reiterates "Savannah Memorial Hospital should be dismissed."  Doc. 25 at 1.  Accordingly, the claims against "Savannah Memorial Hospital," asserted in the original Complaint should be **DISMISSED**.

## III.   Excessive Force Claims

The prior Order and Report and Recommendation's analysis of the excessive force claims remain valid.  Since the Court vacates that Order and Report and Recommendation, that analysis is restated here for completeness.  As the prior Order and Report and Recommendation explained:

> The Amended Complaints continue to name "Southeastern District Drug Task Force," as a defendant.  *See* doc. 18 at 1; doc. 19 at 1.  Plaintiff explains that the Task Force "is legally responsible for overall violations."  Doc. 18 at 1; doc. 19 at 1. Plaintiff is wrong.   Police departments are generally not entities subject to suit.  *See, e.g., Caldwell v. Wilcher*, 2020 WL 6142408, at * 1 (S.D. Ga. Aug. 27, 2020) (county sheriff's office was not an entity subject to suit); *see also, e.g., Lovelace v. DeKalb Cent. Prob.* 144 F. App'x 793, 795 (11th Cir. 2005) ("We have observed that sheriff's departments and police

3

departments are not usually considered legal entities subject to suit." (internal quotations and citation omitted)); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (city police department was not a proper defendant). If police and sheriff's departments are not subject to suit, "task forces" organized under their auspices are even less subject to suit. Accordingly, plaintiff's claims against "Southeastern Drug Task Force" should be **DISMISSED**.

As the Court previously noted, the focus of the Complaint appeared to be an excessive force claim. That focus continues in the Amended Complaints. This time, however, they are sufficient to allow the case to proceed. To allege excessive force by an officer in the course of executing an arrest, a plaintiff must assert that the officer's conduct was objectively "unreasonable." *Graham v. Connor*, 490 U.S. 386, 395–97 (1989). Such a test looks not to the motivation of the particular officer, but instead examines whether a reasonable officer would have taken the same action. *Id*. at 397. "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id*. at 396 (quotes and cites omitted). The Court examines "the fact pattern from the perspective of a reasonable officer on the scene with knowledge of the attendant circumstances and facts, and balanc[ing] the risk of bodily harm to the suspect against the gravity of the threat the officer sought to eliminate." *McCullough v. Antolini*, 559 F.3d 1201, 1206 (11th Cir. 2009) (*citing Scott v. Harris*, 550 U.S. 372, 383 (2007)). "Although some amount of force is generally needed to subdue a suspect, the amount used must be reasonably proportionate to the need for force." *Smith v. LePage*, 834 F.3d 1285, 1294 (11th Cir. 2016); *see also Scott*, 550 U.S. at 383 (observing that in determining whether the Fourth Amendment was violated, "we must still slosh our way through the factbound morass of 'reasonableness.'").

4

The amended allegations in plaintiff's Amended Complaints are sufficient, at the screening stage, to allege that he was subjected to excessive force by defendant Shawn Fields and other unidentified law enforcement officers. The Amended Complaints allege "[o]n May 3rd, 2018, 10:12 p[.]m[.], Southeastern Drug Task Force, led by Affiant Shawn Fields[, i]nvaded Plaintiff's [r]esidence at 207 ED Powers BLVD, Hinesville, GA, 31313." Doc. 18 at 2, doc. 19 at 2. He further alleges that he was "non-violent," but officers "thr[ew] grenades thru [sic] windows," and shot him. Doc. 18 at 2; doc. 19 at 2. The allegation that officers shot plaintiff, despite his "nonviolent" posture, is sufficient (if only just) to allege an unreasonable use of force. The claim against Shawn Fields, therefore, is approved for service.

Although the Court recommends dismissal of plaintiff's claims against the Task Force as an entity, the Amended Complaints make it clear that plaintiff actually asserts his excessive force claim against unknown Task Force officers. *See, e.g.,* doc. 18 at 1 ("The reasons Plaintiff can't name the official who shot me (1) they were all masked, goggled[,] helmets, and full military gear, [and] (2) they don't introduce themselves and thru [sic] several requests inquiry—no answer/no cooperation."). Since, as discussed more fully [above], Plaintiff's claim that he was subject to excessive force survives screening, the Court will construe his pleading to allege a claim against "Unknown Drug Task Force Officers."

Doc. 21 at 5–8

## IV.  Capt. Bowman

In the prior Order and Report and Recommendation, the Court recommended that defendant "Capt. Bowman" be dismissed because the Amended Complaints failed to allege sufficient facts to support Hyde's allegation that Bowman was responsible for shooting him. *See* doc. 21 at

5

4–5.  In his Objection, plaintiff alleges that he has "received confirmation from [the] Prosecution [in an apparently related criminal case] that Capt. Lonnie Bowman is confirmed as the shooter in my case."  Doc. 25 at 1. Liberally construed, that allegation implies the affirmative allegation that Bowman was among the "Southeastern Drug Task Force" officers who arrested plaintiff on May 3, 2018.  *See* doc. 18 at 2, ¶ 7; doc. 19 at 2; ¶ 7. Although the allegation in the Objection does not state a separate claim against Bowman, it does imply that he is among the otherwise "Unknown Drug Task Force Officers," who allegedly subjected Hyde to excessive force.  So construed, Hyde's claim that Bowman subjected him to excessive force may be served.

## V.    Service

Because the Complaint and Amended Complaints did not sufficiently identify the "Southeastern Drug Task Force," and Hyde is entitled to service by the United States Marshal, *see* Fed. R. Civ. P. 4(c)(3), to permit service upon the officers, the Court directed plaintiff to supply an address where he contended those officers might be served.  *See* doc. 21 at 9.  While plaintiff's submissions do not provide an exact address, that is not a fatal defect in this context.  *See Richardson v. Johnson*, 598 F.3d 734, 739 (11th

Cir. 2010) (quoting *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990) (expressly approving the United States Court of Appeals for the Seventh Circuit's reasoning that, for service, a " 'prisoner need furnish no more than the information necessary to identify the defendant.'")).  The Court is satisfied that sufficient information can be gleaned from Hyde's response to its prior Order and Report and Recommendation to attempt service.

In one of the forms that plaintiff submitted, he explains that "[t]he [Liberty County] jail address is 180 Paul Sikes Dr., Hinesville, Ga. 31313[, and] *the agents have a building on the other side of [the] jail*."  Doc. 24 at 2 (emphasis added).  In subsequent form he identifies Bowman's address for service as "*Libert[y] County Sheriff[']s* Drug Task Force."  Doc. 26 at 2 (emphasis added).  Based on that information, the Court concludes that the "Southeastern Drug Task Force" is, in some way, associated with the Liberty County Sheriff's Office.  Based on the information that plaintiff has provided, therefore, the Court will attempt to effect service on the Liberty County Sheriff's Office.

The Clerk is **DIRECTED** to prepare a service waiver package for the defendants, Shawn Fields, Lonnie Bowman, and Unknown Drug Task

Force Officers, to be sent to the Sheriff's Office's publicly-available address:

> Liberty County Sheriff
> 201 S. Main Street, Suit 1300
> Hinesville, GA 31313.

*See* Liberty County Sheriff's Office, *Contact Us*, *available at* https://www.libertyso.org/contact/; *see also* Fed. R. Civ. P. 4(d)(1).[1] That package must include, for each defendant: a Rule 4 notice of Lawsuit and Request to Waive Service of Summons (prepared by the Clerk); two copies of the Waiver of the Service of Summons form (prepared by the Clerk); an envelope addressed to the Clerk of Court with adequate first-class postage

---

[1] Although Rule 4's Marshal-service mandate is clear, the Court's interest in preserving resources and minimizing burden on the Marshal's staff support attempting to secure defendant's waiver of formal service, as contemplated by Fed. R. Civ. P. 4(d) and this Court's Local Rules. *See* S.D. Ga. L. Civ. R. 4.5 ("In cases in which the plaintiff is authorized to proceed [IFP] . . ., unless personal service by the Marshal is ordered by the Court, the Marshal may utilize any other form of service *or waiver* authorized by Federal Rule of Civil Procedure 4." (emphasis added)); *see also* Charles Alan Wright, Arthur R. Miller, *et al.*, 4A Fed. Prac. & Proc. Civ. § 1090 (4th ed. 2017) (noting that the policy supporting Marshal service for IFP plaintiffs "is to provide service for those who cannot afford private service," but "the plaintiff [or, in this case, the Clerk] should first attempt to make service by some other means provided for in the rule; only when this proves unfeasible" should service by the Marshal be used). Other Courts have also directed that Court staff make an attempt to secure defendant's waiver of formal service before requiring the Marshal to effect formal service. *See, e.g., Dunn v. Federal Express*, 2014 WL 1028949 at *2–3 (N.D. Ga. Mar. 14, 2014) (directing attempt to secure service waiver, and directing USMS service "[i]n the event Defendant does not return the Waiver of Service form to the Clerk of Court" within the specified period).

for use by the defendant for return of the waiver form; copies of the Complaint, doc. 1, both Amended Complaints, docs. 18 & 19, and this Order and Report and Recommendation.

Next, the Clerk shall mail the service waiver package to the defendants at the above address. The defendants are under a duty to avoid unnecessary costs of personally serving the summons. If they fail to comply with the mailed request for waiver of service, they must bear the costs of personal service, unless good cause can be shown for failure to return the Waiver of Service form. *See* Fed. R. Civ. P. 4(d)(2). Should any defendant fail to waive service within sixty days following the date the service waiver package is mailed (the Clerk shall docket that act), the Clerk will prepare and transmit a service package to the Marshal. The service package must include a fully completed USM 285 form, the summons, one copy of the Complaint, doc. 1, copies of both Amended Complaints, docs. 18 & 19, and one copy of this Order and Report and Recommendation. Upon receipt of the service package, the Marshal is **DIRECTED** to promptly attempt to personally serve the defendants through the Liberty County Sheriff's Office.

9

## VI.   Other Motions (docs. 23 & 27)

Hyde has also filed a Motion to Appoint Counsel, doc. 23, and a Motion for Default Judgement, doc. 27.  Neither motion has merit.

The Court has previously explained that plaintiff has no right to appointed counsel in this case.  *See generally* doc. 11.  The instant motion only reasserts the difficulties plaintiff faces litigating his case while incarcerated.  *See* doc. 23 at 1–2.  As the Court previously explained, " 'prisoners do not receive special consideration [for appointment of counsel in a civil case] notwithstanding the challenges of litigating a case while incarcerated.'"   Doc. 11 at 3 (quoting *Hampton v. Peeples*, 2015 WL 4112435, at * 2 (S.D. Ga. July 7, 2015)).  Since the Court finds no "exceptional circumstances" warranting appointment of counsel in this case, *see Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (appointment of counsel in a civil case "is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." (citation omitted)), his motion is **DENIED**.  Doc. 23.

Hyde has also moved for a "judgment by default."  Doc. 27.  In support of that motion he objects to what he perceives as presumptuous

behavior by law enforcement (*i.e.*, that they "are used to doing whatever they want, . . . [and] circumventing procedure and process . . . because they can"), and professes his willingness to "resolve, solve, and settle" his claims. *See id.* at 1. However, judgment by default is only available, under the Federal Rules of Civil Procedure, "[w]hen a party . . . has failed to plead or otherwise defend." *See* Fed. R. Civ. P. 55(a). It requires, among other things, that the Court have personal jurisdiction over the defendant, *see, e.g., Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004), which is generally established by service or waiver, *see* Fed. R. Civ. P. 4(k)(1)(A). Since no defendant has been served, default judgment is not appropriate at this time. Accordingly, Hyde's motion is **DENIED**. Doc. 27.

## VII. Conclusion

In summary, the prior Order and Report and Recommendation is **VACATED**. Doc. 21. Plaintiff's "Motion for Cause of Action" is **DENIED**. Doc. 14. Any claims against "Savannah Memorial Hospital" in the original Complaint should be **DISMISSED**. Plaintiff's claims against the "Southeastern Drug Task Force" should be **DISMISSED**. Plaintiff's excessive force claim against Shawn Fields, Lonnie Bowman, and

Unknown Drug Task Force Officers is approved for service, subject to the directions discussed above.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648

F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED REPORTED AND RECOMMENDED,** this 20th day of May, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA