## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| CHARLES FRANKLIN HYDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-091 |
| | ) | |
| CAPT. BOWMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff Charles Franklin
Hyde brought this 42 U.S.C. § 1983 action alleging he was subjected to
excessive force during an arrest. *See* doc. 1 (Complaint). The Court
screened his Complaint and required him to amend it. Doc. 15. He
complied, doc. 18, and the Court screened his amended pleading and
approved his excessive force claim for service on defendants Shawn
Fields, Lonnie Bowman, and Unknown Drug Task Force Officers. Doc.
30.

Defendant Shawn Fields waived service of the summons and
complaint, doc. 31, and moved to dismiss the claims against him, doc. 33.
Hyde has not responded. *See generally* docket; *see also* S.D. Ga. L. Civ.

R. 7.5 ("Failure to respond to a motion within the applicable time period shall indicate that there is no opposition to a motion.").  The motion is, therefore, ripe for disposition.  Also before the Court are motions filed by Hyde seeking entry of default, docs. 34 & 40, a "response" from the Court, doc. 36, and the appointment of counsel, doc. 38.  Fields has responded in opposition to Hyde's requests for entry of default, docs. 35 & 41, and his request for appointment of counsel, doc. 39.  Hyde's motions are also ripe for review.

## I.      Fields' Motion to Dismiss

### A.      Relevant Background

Hyde filed his initial complaint on April 29, 2019, alleging that "Cap't Bowman/Agents" violated his right to privacy and "almost killed [him]."  Doc. 1 at 4.  He further alleged that on "May 2nd or 3rd" he was "shot – by over aggressive police invasion," and that he "got shot by illegal entry by unlawful discharge from over aggressive agents with unreasonable approach."  *Id*. at 5.  The Court, construing his claim as one for excessive force, observed that "[a]ll that is discernable from plaintiff's complaint is that he was shot—probably (although it is unclear) during the course of an arrest."  Doc. 15 at 4-5.  The Court also observed that,

2

based on the initial complaint, it was not "even entirely certain which officer shot plaintiff." *Id.* at 5. Despite the defects in his pleading, the Court recognized that a *pro se* plaintiff is typically granted at least one opportunity to amend and directed Hyde to file an amended complaint to "clearly explain what happened to him and who caused his injuries." *Id.*

Hyde complied, filing an amended complaint on December 1, 2020.[1] Doc. 18. In it, he clarifies that the event underlying his claims occurred on May 3, 2018. *Id.* at 2. He identifies as defendants the Southeastern Drug Task Force and Shawn Fields, who allegedly led that force. *Id.* at 1-2. In a subsequent filing, he alleges that Capt. Lonnie Bowman, the individual named in his original complaint, was "the shooter in [his] case." Doc. 25 at 1. The Court determined that Hyde's amended complaint[2] was sufficient, at the screening stage, to allege that he was

_____

[1] Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing. Absent evidence to the contrary, the Court assumes that a prisoner delivered the filing to prison authorities on the date that he signed it. *Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015).

[2] The docket reflects two amended complaints filed by Hyde. Docs. 18 & 19. The two documents appear to be identical. *Compare* doc. 18, *with* doc. 19. The first-filed amended complaint is the operative pleading. Doc. 18. The second amended complaint, doc. 19, to the extent it contains any additional information or claims, is void. *See Hoover v. Blue Cross and Blue Shield of Ala.*, 855 F.2d 1538, 1544 (11th Cir. 1988) ("In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, *it is without legal*

subjected to excessive force by Shawn Fields, Capt. Lonnie Bowman, and other unidentified law enforcement officers.[3]  Doc. 30 at 5-6.  Therefore, the Court approved service of the claim on Fields, Bowman, and "Unknown Drug Task Force Officers."  *Id.*  Fields waived service on May 21, 2021, doc. 31, and filed this motion to dismiss, doc. 33.

## B.   Motion to Dismiss Standard

To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In considering a defendant's motion to dismiss, the "court must view the complaint in the light most favorable to the plaintiff and accept all the plaintiff's well-pleaded facts as true."  *Am. United Life Ins. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).  "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Oxford Asset*

---

*effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval.*") (citing 6 Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1485 at 421 (1971)) (emphasis in original)).

[3] While the Court permitted the claims against "unknown Task Force officers" to proceed, doc. 30 at 5, it dismissed the "Southeastern Drug Task Force" as a defendant, doc. 32.  It also dismissed Savannah Memorial Hospital from the case.  *Id.*

*Management, Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Despite the plaintiff's pleading burden, the movant bears the burden on a motion to dismiss. *See Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016).

Generally, complaints by *pro se* plaintiffs are read more liberally than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure. *Grew v. Hopper*, 2008 WL 114915, at \*2 (M.D. Fla. Jan. 9, 2008) (citations omitted); *see also Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (citation omitted) (noting that although they are construed liberally, "pro se complaints also must comply with the procedural rules that govern pleadings").

## C.   Statute of Limitations

Fields first argues that the claims against him are barred by the applicable statute of limitations. Doc. 33 at 1. He contends that the amended complaint adding him as a defendant was filed four months after the statute of limitations ran, and that he first received notice of

the suit on May 27, 2021. Doc. 33-1 at 2.[4]  He further argues that, since the amended complaint first naming him as a party was filed after the applicable statute of limitations, it is only valid if it relates back to the initial filing.  *Id.* at 3.  He contends that it does not relate back, and the claim against him should be dismissed.  *Id.* at 4.

"[T]he proper limitations period for all § 1983 claims in Georgia is the two year period set forth in O.C.G.A. § 9–3–33 for personal injuries." *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir.1986). Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual.  *See Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003); *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996).  Under § 1983, a claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."  *Brown*, 335 F.3d at 1261 (quoting *Rozar*, 85 F.3d at 561-62).

-------------------

[4] Although Fields contends he did not receive notice of the lawsuit until May 27, 2021, *see* doc. 33-1 at 2; doc. 33-2 at 1, his waiver of service indicates that he received a copy on May 21, 2021, *see* doc. 31.  This inconsistency is troubling but does not impact the Court's analysis.

6

Hyde clearly alleges that the event underlying his complaint occurred on May 3, 2018.  Doc. 18 at 2.  Therefore, the two-year statute of limitations would have run on May 3, 2020.  However, as Defendants point out (albeit not clearly), *see* doc. 33-1 at 2, n. 3, the Georgia Supreme Court's statewide judicial emergency declaration tolled statutes of limitations, stating that "[t]he 122 days between March 14 and July 14, 2020, or any portion of that period in which a statute of limitation would have run, shall be excluded from the calculation of that statute of limitation."  Georgia Supreme Court's Fourth Order Extending Declaration of Statewide Judicial Emergency (July 10, 2020).  When applying state limitations periods to § 1983 claims, federal courts also apply any relevant state tolling provisions.  *Meyer v. Gwinnett Cnty.*, 636 F. App'x 487, 489 (11th Cir. 2016).  Therefore, the statute of limitations which would have originally expired on May 3, 2020, did not actually expire until September 2, 2020.[5]  Even with that extended deadline,

---

[5] Fields asserts that the statute of limitations, as tolled by the Georgia Supreme Court's emergency declaration, ran on August 3, 2020.  Doc. 33-1 at 2.  Adding 122 days to May 3, 2020, results in the statute of limitations for Hyde running on September 2, 2020.

Fields is correct that Hyde's amended complaint was filed after the deadline expired.  *See* doc. 18 (filed December 1, 2020).

Hyde did not name Fields as a defendant until he filed his amended complaint.  *Compare* doc. 1 at 1-2 (naming Captain Bowman and Savannah Memorial Hospital) *with* doc. 18 at 1-2 (naming Shawn Fields, among others).  Whether an amended § 1983 complaint naming a new defendant relates back to the original filing is governed by Federal Rule of Civil Procedure 15.  *Wayne v. Jarvis*, 197 F.3d 1098, 1102-03 (11th Cir. 1999) *overruled in part on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003); *see also Rodriguez v. Quinones*, 508 F. Supp. 3d 1198, 1202-03 (S.D. Fla. 2020); *Slaughter v. Gramiak*, 2019 WL 7562654, *2 (S.D. Ga. Dec. 19, 2019); *Estate of Russell by and through Gardner v. City of Anniston*, 2018 WL 4006874, *2 (N.D. Ala. Aug. 22, 2018); *Bostick v. McGuire*, 2016 WL 2811246, at *3 (M.D. Fla. April 20, 2016); *cf. Bloodworth v. United States*, 623 F. App'x 976, 978-79 (11th Cir. 2015) (applying Fed. R. Civ. P. 15 to determine whether an amended pleading relates back in a *Bivens* case applying the Georgia statute of limitations for personal injury actions).

Fields' brief in support of his motion applies Georgia law, and not federal law, in arguing that the amended complaint does not relate back. Doc. 33-1 at 3. He does not cite, at all, to the applicable Federal Rule of Civil Procedure. *See generally id.* He does cite, in a footnote, to *Presnell v. Paulding County, Ga.*, 454 F. App'x 763, 767 (11th Cir. 2011) as support for the application of Georgia law. *Id.* at 3, n. 14. He is correct that the Eleventh Circuit in *Presnell* said, in the context of a § 1983 case, that "we look to Georgia law to determine whether Plaintiff's amendment should relate back to the time of filing the original complaint, such that the statute of limitations bar is avoided." 454 F. App'x at 767. However, that case makes clear that it applies the Georgia relation-back doctrine because "if a proposed amendment relates back under Georgia law, then 'that amendment relates back under [Rule 15(c)(1)(A)] even if the amendment would not relate back under federal law rules.'" *Id.* (alteration in original) (quoting *Saxton v. ACF Indus., Inc.*, 254 F.3d 959, 963 (11th Cir.2001)). This presupposes that the amended pleading would not relate back under the other provisions of Rule 15(c), which do not look to state law. Fed. R. Civ. P. 15(c)(1)(B)-(C). As the Ninth Circuit has observed, "Rule 15(c)(1) requires us to consider *both* federal *and* state law

9

and employ whichever affords the 'more permissive' relation back standard." *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1200-01 (9th Cir. 2014) (emphasis added) (citing *Coons v. Indus. Knife Co.*, 620 F.3d 38, 42 (1st Cir. 2010)).

Fields does not argue, at all, that Hyde's amended pleading would not relate back under federal law. *See generally* doc. 33-1. Fields carries the burden on this motion, which means he must demonstrate that "it is apparent from the face of the complaint that the claim is time-barred" and that "it appears beyond a doubt that [Hyde] can prove no set of facts that toll the statute." *Lindley v. City of Birmingham, Ala.*, 515 F. App'x 813, 815 (11th Cir. 2013) (internal quotations and citations omitted). He has not carried that burden, since he has not fully argued, under Federal Rule of Procedure 15(c), that Hyde's amendment does not relate back. His Motion to Dismiss on statute of limitations grounds should, therefore, be **DENIED**. Doc. 33 (in part).

### D.   Immunity

Fields also argues that all claims against him in his official capacity should be dismissed, since they are barred by Eleventh Amendment immunity. Doc. 33-1 at 5. He is correct that, if he is a state official, then

Eleventh Amendment immunity bars any claims against him in his official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). However, he is incorrect that, on the record before the Court, "[i]t is undisputed that Lt. Fields was an agent of the State of Georgia at the time of the execution of the warrant." Doc. 33-1. Instead, the record is murky, at best, as to Fields' role as the leader of the "Southeastern Drug Task Force" during the Hyde's arrest. Doc. 18 at 2. Hyde does not allege what governmental agency Fields is associated with. *See generally* doc. 18. Therefore, at this stage in the proceedings, it is not clear that he is a state official such that Eleventh Amendment immunity might extend to claims against him in his official capacity. His motion to dismiss on those grounds should, therefore, be **DENIED**. Doc. 33 (in part).

## II.   **Hyde's Motions**

Hyde seeks entry of default, claiming that the defendants have been served and have failed to answer or otherwise defend. Doc. 34 at 1; doc. 40 at 1. After waiving service, Defendant Fields filed the motion to dismiss discussed above. *See* doc. 35. Filing a Rule 12 motion extends the deadline for filing a responsive pleading until fourteen days after the Court's disposition of that motion. Fed. R. Civ. P. 12(a)(4)(A). As Fields

correctly points out, *see* docs. 35 at 1; 41 at 2, he is not in default. *See* Fed. R. Civ. P. 55(a). Defendants Bowman and Unknown Drug Task Force Officers have not waived service and have not yet been served. *See generally* docket. They cannot be in default. Hyde's motions for entry of default are, therefore, **DENIED**. Docs. 34, 40.

Hyde has also asked the Court to "[r]espond to prior motions." Doc. 36. To the extent he seeks a ruling on the pending motions, this Order and Report and Recommendation should constitute the requested response. His motion is, therefore, **DENIED as moot**. Doc. 36

Finally, Hyde again seeks the appointment of counsel. Doc. 38. He contends that he is unable to afford counsel, that the issues involved in this case are complex, and that his current incarceration presents a challenge in litigating this case. *Id.* at 1-2. This is his third request for counsel. *See* docs. 9 & 23. As the Court has already informed him, while his incarceration might create difficulty, he has no right to appointed counsel in this case. *See* doc. 11 at 3; doc. 29 at 10. The Court again reiterates that appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a

trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).  The Court continues to find no "exceptional circumstances" in this case warranting appointment of counsel, and his request is, therefore, **DENIED**.  Doc. 38.

## III.   Conclusion

Defendant Shawn Fields' Motion to Dismiss should be **DENIED**.  Doc. 33.  Hyde's Motions for Entry of Default are **DENIED**.  Docs. 34 & 40.  His Motion for a Response from Court is **DENIED, as moot**.  Doc. 36.  His Motion to Appoint Counsel is **DENIED**.  Doc. 38.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED REPORTED AND RECOMMENDED,** this 3rd day of February, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA