IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

|  |  |
|---|---|
| CHARLES FRANKLIN HYDE., | |
| Plaintiff, | CIVIL ACTION NO.: 4:19-cv-91 |
| v. | |
| CAPT. BOWMAN, et al., | |
| Defendants. | |

**O R D E R**

Before the Court is the Magistrate Judge's February 3, 2022, Report and Recommendation, (doc. 43), to which plaintiff and defendant Shawn Fields have filed objections, (docs. 45, 47, 52). The Magistrate Judge recommended that Fields' Motion to Dismiss be denied.  (Doc. 43).  For the following reasons, the objections are **OVERRULED,** in part, the Court **ADOPTS** the Report and Recommendation, in part, **DECLINES TO ADOPT** the Report and Recommendation, in part, **GRANTS**, in part, and **DENIES**, in part, the motion to dismiss, (doc. 33), and modifies the Report and Recommendation to identify an alternative basis to deny Fields' motion on statute-of-limitations grounds.  See, e.g., 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

I.      **Defendant Fields' Objections**

Fields' Motion to Dismiss first argues that plaintiff's claims against him are barred by the statute of limitations.  (Doc. 33 at 1).  It contends that the Amended Complaint, filed after the statute of limitations expired, does not relate back to the original Complaint, filed before the statute of limitations expired, and therefore the claims against him should be dismissed.  (Doc. 33-1 at 3).

The Magistrate Judge agreed that the Amended Complaint naming Fields was filed after the expiration of the applicable statute of limitations.  (Doc. 43 at 7-8).  However, the Magistrate Judge noted that Fields' relation-back analysis focused solely on the application of Georgia law, and did not cite, at all, to the applicable Federal Rule of Civil Procedure.  (Id. at 9; see also doc. 33-1).  Therefore, the Magistrate Judge recommended that it be denied.  (Id. at 9-10).

Fields objects, arguing that the application of Federal Rule of Civil Procedure 15 ultimately results in the application of Georgia law, and, under Georgia's relation back doctrine, the claims against him do not relate back.  (Doc. 47 at 2-3).  Fields' Objection appears to concede that the Magistrate Judge was correct, and that the proper analysis of whether plaintiff's claims relate back must start with Rule 15.  (See id. at 1 ("Where a plaintiff wishes to add a new party to a suit after the running of the statute, it must relate back to the time of the original filing by satisfying Fed. R. Civ. P. 15(c).")).  The objection then proceeds to undertake the analysis required by Rule 15, which was absent from the original motion.  (Id. at 2-5).  "[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."  Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009).  The Court exercises that discretion and declines to consider Fields' Rule 15 analysis presented for the first time in his Objection.

There is an additional reason why Fields' argument concerning the statute of limitations must fail.  The Magistrate Judge correctly found that Fields' motion failed to apply the correct legal standard, which, as discussed above, Fields' objection effectively concedes.  That fundamental defect meant that the Magistrate Judge had no occasion to note the additional fatal defect that Fields' argument depends critically on his testimony concerning his notice of the pendency of this action.  (See doc. 33-1 at 4; see also doc. 47 at 4 n. 11).  As this Court has

explained, "[d]ismissal on limitations grounds is only appropriate 'if it is apparent from the face of the complaint that the claim is time barred.'"   Oglesby v. Smith, 2020 WL 265924, at *3 (S.D. Ga. Jan. 17, 2020) (emphasis added) (citing Gonsalvez v. Celebrity Cruises, Inc., 750 F.3d 1195, 1197 (11th Cir. 2013)).   Even if the Court excused Fields' failure to assert the proper legal standard in his original motion, his Motion to Dismiss would still fail, as it relies on facts outside the operative complaint.   Fields' belated suggestion that his Motion might be converted into a Motion for Summary Judgment, raised in a different context, and again asserted first in his Objection, (doc. 47 at 8-9), is discussed more fully below.

Fields' objection also sets out the argument, absent from his initial motion, that the claims against him should be dismissed because federal law does not permit relation back "in instances where a plaintiff attempts to join an entirely new defendants [sic] in addition to the existing defendants," since that is not the type of "mistake" contemplated by Rule 15.   (Doc. 47 at 5-6). While his initial brief in support of his motion to dismiss made passing reference to a "mistake" by the plaintiff, it was discussed in the context of whether Fields would have been on notice of any such mistake as required by Georgia's relation back doctrine.   (Doc. 33-1 at 4).   His argument in his objection is entirely new and relies on an entirely different body of law than that made in his initial moving papers.   (Compare doc. 33-1 at 4, with doc. 47 at 5-6).   The Court will also exercise its discretion in declining to consider this new argument.   Williams, 557 F.3d at 1292.

In summary, defendant Fields' Objection effectively concedes that his original Motion to Dismiss misstated the applicable legal standard concerning the statute of limitations.   The Magistrate Judge, therefore, properly determined that his Motion should be denied for failing to carry his burden.   However, even if the Court accepted Fields' reconstruction of his argument in the Objection, the Court would deny his motion for the additional reason, not considered by the

3

Magistrate Judge, that it relies on material outside of the operative Complaint.   His Objection is correct that the Court might reconstrue his Motion to Dismiss as a Motion for Summary Judgment. See, e.g., Fed. R. Civ. P. 12(d).   However, Hyde's assertion, discussed below, that he never received the Motion to Dismiss makes such construction premature.   See, e.g., Hased-El v. McCord, 2019 WL 1441624, at *3 n. 6 (S.D. Ga. Mar. 29, 2019) (Hall, C.J.) (citing Harper v. Lawrence Cnty., 592 F.3d 1227, 1232 (11th Cir. 2010) ("[A] court is not required to consider matters outside the pleadings; rather whether to consider such matters is within the court's discretion.").   Fields' Motion to Dismiss on statute of limitations grounds is **DENIED**.   (Doc. 33, in part.)

Fields also objects to the Magistrate Judge's recommendation that his Motion to Dismiss on Eleventh Amendment immunity grounds be denied.   (Doc. 47 at 7-9).   In his motion, he argues that "[i]t is undisputed that Lt. Fields was an agent of the State of Georgia at the time of the execution of the warrant," and therefore all claims against him in his official capacity must be dismissed.   (Doc. 33-1 at 5).   However, he failed to include any citation to the record.[1]   (Id.) The Magistrate Judge was, therefore, unable to conclude that the record was sufficiently clear as to the capacity in which Fields was serving at the time of plaintiff's arrest.   (Doc. 43 at 11).   The Court agrees with the Magistrate Judge's analysis, considering the defendant's briefing, and is not convinced that a determination that a 42 U.S.C. § 1983 claim is sufficient to survive screening is inconsistent with a finding that a defendant's capacity is insufficiently established to warrant dismissal on Eleventh Amendment grounds, given that in both circumstances inferences from

---

[1]   The Court notes that his Objection offers, as an alternative basis for his immunity, that "Fields averred that he was acting as an officer of the Georgia Bureau of Investigation ("GBI") during the arrest."   (Doc. 47 at 8. (citing "Doc. 33, Ex. A.").   The affidavit cited contains no such averment.   (See generally doc. 33-2.)   Fields' misrepresentation of the content of his own affidavit provides no basis to challenge the Magistrate Judge's recommendation.   Given that the official capacity claims are dismissed below, the misrepresentation is moot.

ambiguous allegations must be drawn in a plaintiff's favor.   See, e.g. Oglesby, 2020 WL 265924, at *2 (on a motion to dismiss, "this court favors the plaintiff with all reasonable inferences from the allegations of the complaint." (citation omitted)).   However, in his Objection, Fields points to Hyde's allegation that "a[t] all times mentioned in this Complaint each defendant acted under the color of state law."  (Doc. 18 at 2, ¶ 6).   That express allegation is sufficient to establish that Fields, in his official capacity, is immune under the Eleventh Amendment.   The Court, therefore, **DECLINES TO ADOPT** the Report and Recommendation, in part.   (Doc. 43).   To the extent that it seeks dismissal of the claims against him in his official capacity, therefore, Fields' motion is **GRANTED**.   (Doc. 33, in part).

In summary, the Court **ADOPTS** the Report and Recommendation's analysis concerning Fields' failure to correctly state the legal standard applicable to his statute-of-limitations argument in his original motion.   Accordingly, his Motion to Dismiss, (doc. 33), is **DENIED**, in part.   Alternatively, the motion is **DENIED**, in part, notwithstanding his application of the correct legal standard in his Objection, as it relies on material outside the operative pleading and the Court declines to convert the motion into a motion for summary judgment.   Although the Court agrees with the Magistrate Judge as to the insufficiency of Fields' initial argument that the claims against him in his official capacity are barred by the Eleventh Amendment, the Court will consider the additional citation to the record provided by his Objection.   Based on that additional citation, the Court **GRANTS**, in part, Fields' Motion.   (Doc. 33).   Hyde's claims against Fields in his official capacity are **DISMISSED**.   The Court **DECLINES TO ADOPT** the Report and Recommendation's analysis concerning the official capacity claims.

**II.      Plaintiff's Objections**

Plaintiff has filed what he captions his "Objections to Magistrates R&R Report."   (See

generally doc. 45).   In it, he objects to the Magistrate Judge's recommendation that the Motion to

Dismiss be denied, arguing that he never received a copy of Fields' motion.   (Id. at 1-2).   He does

not point to any error in the Report and Recommendation.   (See generally id.).   He also belatedly

filed another objection, arguing that his complaint against Fields "relates back."   (Doc. 51 at 2).

Because the motion to dismiss on statute of limitations grounds is denied, any objection to that

analysis is moot.   He does not offer any argument as to the merits of Fields' motion to dismiss the

official capacity claims.   (See docs. 45 & 51).   That dismissal is based on plaintiff's own

affirmative allegation that "[a]t all times mentioned in [his] complaint each defendant acted under

the color of state law."   (Doc. 18 at 2).   He has not argued otherwise.   (Docs. 45 & 51).

Plaintiff also objects to the Magistrate Judge's observation that Defendant Capt. Bowman

had not yet been served at the time the Report and Recommendation was issued.   (Doc. 45 at 2-

3).   While the Magistrate Judge was correct that, at that time, the docket did not reflect service on

Defendant Bowman, a U.S. Marshal Return as to Bowman has since been filed.   (Doc. 48).

Therefore, this objection is similarly moot.

As part of his first objection, Plaintiff also asks the Court to add "Officer Capt. Ashdown"

since he "learned during trial that Capt. Ashdown was the officer behind Capt. Bowman."

(Doc. 45 at 3).   The Court liberally construes this request as a Motion to Amend.   See Erickson

v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed. . . "

(internal quotation marks and citation omitted)); see also Castro v. United States, 540 U.S. 375,

381 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to

a motion and recharacterize the motion in order to place it within a different legal category.").

The Clerk is **DIRECTED** to docket Section IV of page 3 of Plaintiff's submission at docket entry

45 as a Motion to Amend and refer that motion to the Magistrate Judge for consideration.

      **SO ORDERED**, this 9th day of March, 2022.

 

 

_____

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA