**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| CHARLES FRANKLIN HYDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-091 |
| | ) | |
| CAPT. BOWMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Proceeding *pro se* and *in forma pauperis*, Plaintiff Charles Franklin Hyde brought this 42 U.S.C. § 1983 action alleging he was subjected to excessive force during an arrest. *See* doc. 1 (Complaint). The Court screened his Complaint and required him to amend it. Doc. 15. He complied, docs. 18 & 19, and the Court screened his amended pleadings and approved his excessive force claim for service on defendants Shawn Fields, Lonnie Bowman, and Unknown Drug Task Force Officers. Doc. 30 at 7-8. Because the record in Hyde's criminal prosecution in this District, including his own trial testimony, called into question his representations in this case, *United States v. Hyde*, CR219-005, doc. 416 (S.D. Ga. June 3, 2021) (Minute Entry for Day 3 of trial), the Court

directed him to show cause why he did not violate Fed. R. Civ. P. 11(b)(3) when he made the representations.  Doc. 71 at 4-5.  Hyde has responded. Doc. 72.  The Court now addresses his response, along with Hyde and Defendants' pending motions requesting various forms of relief.

First, the Court turns to Hyde's fourth Motion for Appointment of Counsel.  Doc. 68.  As the Court has explained in its three prior Orders denying Hyde's similar requests, *see* docs. 11, 29 & 42, he has no constitutional right to counsel in this civil case.  *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)).  "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances."  *Id.* (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner."  *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). The Court continues to find no "exceptional circumstances" in this case warranting appointment of counsel, and his fourth request is, therefore, **DENIED**. Doc. 68.

Next, as discussed in the Court's Order to show cause, throughout this case Hyde has consistently asserted that he maintained a nonviolent posture during his arrest. Doc. 71 at 2. This allegation was the basis of the Court's approval of his Complaint for service. *See* doc. 21 at 7 ("The allegation that officers shot [Hyde], despite his 'nonviolent' posture, is sufficient (if only just) to allege an unreasonable use of force. The claim against Shawn Fields, therefore, is approved for service."); *see also* doc. 30 at 5. The Show Cause Order listed Hyde's representations in this case regarding, *e.g.*, his nonviolent posture, the officers' failure to warn him before shooting his hand, and the officers' failure to introduce themselves

when entering his home.  Doc. 71 at 2-3.  The Court explained that by submitting these statements in signed filings in this case, Hyde "certifie[d] that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]"  *Id.* at 3-4 (citing Fed. R. Civ. P. 11(b)(3)).  Because the record in Hyde's criminal case called into question those representations, the Court directed him to show cause why he did not violate Fed. R. Civ. P 11(b)(3) when he submitted filings with the assertions.  *Id.*  Specifically, it directed him to explain why, when he made the assertions, to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the assertions had evidentiary support or, if specifically so identified, would likely have evidentiary support after a reasonable opportunity for further investigation or discovery.  *Id.* at 4-5; *see also* Fed. R. Civ. P. 11(c)(3) ("On its own, the court may order . . . [a] party to show cause why conduct specifically described in the order has not violated Rule 11(b).").

4

Hyde subsequently filed a "Response to Order, Directed to Show Cause." Doc. 72. Much of the filing is a discussion of purported defects in his criminal trial which is unresponsive to the Court's direction to show cause.[1] In a portion of Hyde's filing titled "No Rule 11 Violation", he asserts:

> The only confusing [a]ssertion Plaintiff made on the witness stand "could [b]e"; when [a]gents broke in they [a]nnounced "Sheriff's Dept." Emphasis on "Announced!" Codified in the 4th Amend. . . . A warning is a personal command. [sic]

Doc. 72 at 2 (emphasis in original). Although it is unclear whether this assertion is responsive to the Court's direction to show cause, it acknowledges that Hyde's criminal trial testimony is inconsistent with his allegations in this case that, *e.g.*, "law enforcement "[didn't] introduce themselves" when entering his home. Doc. 18 at 1 (Amended Complaint).

Hyde also attempts to explain his allegations regarding his nonviolent posture by noting that an Assistant United States Attorney "dismisse[d] [f]orensics [a] couple of [d]ays [b]efore [t]rial", and that "[f]orensics would . . . prove where Plaintiff was standing when he was

---

1  *See, e.g.*, Doc. 72 at 1 ("Plaintiff asserts his criminal prosecution should have gone differently. The withholding of exculpatory evidence [and] the piling on of inadmissible hearsay (unsupported). The AUSA's . . . misconduct was staggering!"); *id.* at 2 ("Prosecutor's know its [perjured] testimony = No investigation to corroborate Hearsay?? [sic]" (emphasis in original)).

shot–<u>PLUS</u>–whether he was in an aggressive posture." Doc. 72 at 1 (emphasis in original); *see also id.* ("Apparent[ly] [t]he scientific [e]vidence is fatal!"); *id.* at 2 ("<u>Plaintiff's</u> <u>[a]ssertions</u> <u>[h]ave</u> <u>[e]videntiary</u> <u>support</u> [illegible] <u>forensics</u> <u>Trajectory</u> <u>Discovery</u>." (emphasis in original)); *id.* ("The full Transparency Disclosure Plaintiff seeks <u>will</u> support [a]ll his assertions." (emphasis in original)); *id.* at 1 (declaring that the AUSA's "dismiss[al]" of forensic evidence was "very suspicious!"). Hyde's conclusory assertion that unspecified "forensics" would support his allegations regarding his nonviolent posture does not address why the allegations, "to the best of [Hyde's] knowledge, information, and belief . . . would likely have evidentiary support" when he made them. Fed. R. Civ. P. 11(b).[2]

Finally, Hyde attached a document to his response titled "Memorandum–Points to Show Cause." Doc. 72 at 3-4. He confidently asserts "[w]ho needs [e]vidence or [s]upport[?] Just [t]rust me. <u>The cause is there is Evidentiary Support to Back my Assertions—</u>[illegible]

---

[2] Hyde cannot show that he complied with Rule 11 by vaguely asserting that the prosecution in his criminal trial did not offer certain evidence. As discussed, by making assertions in signed filings, Hyde certifies that to the best of *his* knowledge, his assertions have evidentiary support or will likely have evidentiary support. Fed. R. Civ. P. 11(b)(3).

investigation and [d]iscovery, with a [r]easonable [o]pportuntiy to present.  I know the truth, I was there! [sic]."  *Id.*  As discussed in the Court's prior Order, *pro se* litigants are subject to Rule 11, doc. 71 at 4 (citing *Patterson v. Aiken*, 841 F.2d 386, 386-87 (11th Cir. 1988)), and Hyde's assertion that the Court should "[j]ust trust [him]" because he "know[s] the truth" is insufficient.  Doc. 72 at 3-4.  His adamant demand that the Court trust him is particularly concerning where he has already acknowledged that his allegations in this case are inconsistent with his sworn testimony.

Since Hyde has failed to show that he complied with Rule 11(b), the Court finds that sanctions under Rule 11(c) are appropriate.[3]  Under that rule,

> If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.

Fed. R. Civ. P. 11(c)(1).  Sanctions in this context "can include striking the offensive pleadings or motions or dismissing the action."  *Spears v.*

---

[3] Rule 11 requires that Hyde be afforded a "reasonable opportunity to respond" before the Court imposes sanctions.  Fed. R. Civ. P. 11(c)(1).  The Court's Order to show cause afforded him that opportunity.  Doc. 71.

*Warden FCI Williamsburg*, 2016 WL 2935894, at *1 (D.S.C. May 20, 2016). However, given the Court's obligation to construe Hyde's *pro se* filings charitably, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court finds that dismissal of the action would be inappropriate. *See* Fed. R. Civ. P. 11(c)(4) ("A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives . . . ."). Instead, Hyde's current pleadings are **STRICKEN** from the record, docs. 18 & 19, but the Court will afford Hyde an opportunity to file a new pleading that is compliant with Rule 11.

Hyde is, therefore, **DIRECTED** to file a single Amended Complaint which will supersede all previously-filed complaints. Hyde is reminded that by signing the renewed Amended Complaint, he certifies that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. This includes factual contentions regarding whether he maintained a nonviolent posture throughout the events

detailed in the Amended Complaint, and whether law enforcement announced their presence.  Hyde is warned that any allegations in this case that are contradicted by his testimony in his criminal trial may subject him to more severe sanctions.  He is further warned that failure to file the directed Amended Complaint will result in a recommendation that his case be dismissed for his failure to comply with a Court order. *See* Fed. R. Civ. P. 11(c); Fed. R. Civ. P. 41(b)

After Hyde files his Amended Complaint, the Court will screen it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and § 1915A.  If the Court finds that Hyde's Amended Complaint states a claim, it will afford Defendants 14 days to respond to the Amended Complaint.  *See* Fed. R. Civ. P. 15(a)(3).  This case, including all discovery and other pretrial deadlines, is **STAYED** pending Hyde's compliance with the instructions above.  The Clerk is **DIRECTED** to lift the stay when all remaining defendants have responded to the Amended Complaint, or 14 days after the Court screens the Amended Complaint, whichever is earlier.

Currently pending is the Liberty County Sheriff's Office's[4] Motion to Dismiss. *See* doc. 50. Since Hyde's Amended Complaint has been stricken from the record, the Motion to Dismiss is moot. *See Tondalo v. Pro Disposal, LLC*, 2022 WL 1407921, at *1 (S.D. Ga. May 4, 2022). The motion is therefore **DISMISSED as moot**. Doc. 50.

Defendants also filed a Motion to Stay Discovery pending resolution of Hyde's related criminal action. Doc. 65 at 1. Given the stay discussed above, the motion is **TERMINATED, as moot**. Doc. 65. To the extent Defendants request an additional stay after the Court screens the above-described Amended Complaint, they are free to file a motion at the time they file their response to the Amended Complaint.

Hyde submitted a filing titled "Objecting to Defendant Fields['] Motions to Dismiss and Request to Preserve Evidence Disk Information for Discovery at Trial." Doc. 52. The filing requests some form of discovery-related relief:

> Plaintiff requests this Honorable Court to preserve the discovery "evidence" for discovery purpose[s] to address the evidence at trial. Plaintiff points out that a lot of evidence was dismissed by Govt. [presumably at Hyde's criminal trial]

---

[4] The Liberty County Sheriff's Office explains that it was "served as the purported agent of 'Unkown Drug Task Force Officers.'" Doc. 50-1 at 1.

> prejudicing Plaintiff.  And the jail has confiscated the majority
> of evidence left. . . . Plaintiff requests full Discovery Pack. [sic]

Doc. 52 at 1 (cleaned up).  Given the Court's direction that Hyde must file
an Amended Complaint, and since all discovery deadlines in this case are
stayed, Hyde's discovery-related request is **DENIED** as premature.  Doc.
52.  For the same reason, Hyde's motion requesting that the Court "move
forward [with] discovery, [or] even order[ ] [a] trial" is **DENIED**, doc. 53,
and his subsequently-filed "Motion for Discovery and to Proceed to Trial"
is **DENIED**, doc. 70.

Hyde also moved to add "Capt. Ashdown[,] . . . the officer behind
Capt. Bowman when [Bowman] shot [Hyde]", as a defendant.  Doc. 56 at
1 (cleaned up).  Given the Court's direction that Hyde file a renewed
Amended Complaint, this motion is **DISMISSED as moot**.  Doc. 56.  To
the extent Hyde seeks to name this additional defendant in the Amended
Complaint, he remains free to do so, subject to the Court's obligation to
screen any new allegations pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28
U.S.C. § 1915A and the limitations on amendments imposed under
Federal Rule of Civil Procedure 15.

Finally, Defendants filed a unilateral Rule 26(f) Report indicating
that they "have been unable to conduct a [Rule 26(f)] conference with

Plaintiff due to his present incarceration but wished to provide their portion of the Report for the Court's review." Doc. 73 at 1. Defendants are reminded that *pro se* prisoner actions are not subject to the Rule 26(f) conference requirement. *See* Fed. R. Civ. P. 26(f) (exempting cases not subject to the initial disclosure requirements including *pro se* prisoner actions per Rule 26(a)(1)(B)(iv)). Accordingly, the report is **TERMINATED**. Doc. 73.

  **SO ORDERED**, this 23rd day of August, 2022.


          _____
          CHRISTOPHER L. RAY
          UNITED STATES MAGISTRATE JUDGE
          SOUTHERN DISTRICT OF GEORGIA